## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NANCY FERGUSON<br>3 Independence Place<br>Washington Crossing, PA  18977<br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>PIONEER INVESTMENT<br>MANAGEMENT USA, INC.<br>60 State Street<br>Boston, MA  02109<br><br>　　and<br><br>PIONEER INVESTMENT<br>MANAGEMENT SHAREHOLDER<br>SERVICES, INC.<br>30 Dan Road<br>Canton, MA  02021-2809<br><br>　　and<br><br>RAYMOND JAMES FINANCIAL, INC.<br>880 Carillon Parkway<br>St. Petersburg, FL  33716<br><br>　　　　　　Defendants | Civil Action No. |

## COMPLAINT

Plaintiff, Nancy Ferguson, by way of complaint against the defendants, hereby alleges and says:

## THE PARTIES

1.　　Plaintiff is an adult resident of the Commonwealth of Pennsylvania currently residing at 3 Independence Place in Washington Crossing, Bucks County, Pennsylvania  18977.

2.      Defendant, Pioneer Investments Management USA, Inc., ("Pioneer USA") upon information and belief, is a corporation registered to do business and doing business within the Commonwealth of Pennsylvania through various branch locations including locations in Bucks County, Pennsylvania.  Defendant, Pioneer, has its corporate headquarters located at 60 State Street, Boston, MA  02109.  At all times relevant hereto, the plaintiff maintained one or more investment accounts with Pioneer.

3.      Upon information and belief, defendant, Pioneer Investments Management Shareholder Services, Inc., ("Pioneer SS") is a corporation registered to do business and doing business within the Commonwealth of Pennsylvania through various branch locations of Pioneer USA including locations in Bucks County, Pennsylvania.  Defendant, Pioneer SS, services clients and shareholders of Pioneer USA and facilitates transactions involving Pioneer USA accounts.   Pioneer SS has its corporate headquarters located at 30 Dan Street, Canton, Massachusetts  02021.

4.      Defendant, Raymond James Financial. Inc., upon information and belief, is a corporation registered to do business and doing business within the Commonwealth of Pennsylvania through various branch locations and advisors including locations in Bucks County, Pennsylvania.  Defendant, Raymond James, has its corporate headquarters located at 880 Carillon Parkway, St. Petersburg, FL  33716.  Upon information and belief, Raymond James is a broker handling investments sold by defendant Pioneer.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(a) and §1132(a)(3).

6.      Venue is proper in the Eastern District of Pennsylvania since Pioneer and Raymond James do business in Bucks County, Pennsylvania and material facts giving rise to the plaintiffs' causes of action took place here.

## FACTS

7.      On January 6, 2011, plaintiff was admitted to the Horsham Clinic in Ambler, Pennsylvania, for a psychiatric hospitalization after an attempted suicide.

8.      On January 7, 2011, while the plaintiff was hospitalized in the Horsham Clinic, plaintiff's former partner, Beth Ann Wetterskog, presented her with a "Durable Power of Attorney Effective on Disability" for her signature. A true and accurate copy of the alleged power of attorney is attached hereto as Exhibit "A."

9.      Wetterskog represented to the plaintiff that the plaintiff needed to execute the power of attorney in order for Wetterskog to manage plaintiff's financial affairs and care for the plaintiff's two adopted children in her absence.

10.      The power of attorney did not contain the statutory notice nor the agent's acknowledgement required by 20 Pa.C.S.A. §5601(c) and (d).  See Exhibit "A."

11.      When the plaintiff signed the power of attorney, she was already incapacitated by her mental illness, was on medication, and did not understand the full extent of the powers of attorney the document provided to Wetterskog.

12.      The power of attorney was witnessed and notarized by individuals at the Horsham Clinic the plaintiff did not know and who did not explain to her the impact of what she was signing.

13.      On or about February 9, 2011, Wetterskog drafted a letter to defendant Pioneer SS under the plaintiff's name stating:

I am no longer able to repay the loan on my Pioneer Uni-K
401(k) account.  I need to withdraw the entire amount in the
plan.  I understand the balance of the loan will be treated as
a premature withdrawal and is subject to income tax and a 10%
IRS early withdrawal penalty.

See Exhibit "B."

14.     Wetterskog signed the letter and completed the Pioneer forms associated with the

withdrawal using the power of attorney in question.  See Exhibits "B" and "C."

15.     Upon information and belief, also on or about February 9, 2011, Wetterskog went

to an office of defendant Raymond James where one or more individuals assisted Wetterskog in

completing the necessary paperwork to effect the withdrawal request sent to Pioneer SS.  As part

of the withdrawal, it is further alleged and averred that the individual(s) at Raymond James

would have reviewed the power of attorney document in question also included with the Pioneer

forms as Exhibit "C."

16.     On February 9, 2011, plaintiff was an inpatient at the Horsham Clinic and had no

knowledge of Wetterskog's letter, her visit to Raymond James, or the withdrawal.  Moreover, the

statement Wetterskog wrote that plaintiff was unable to repay the 401(k) loan and needed to

withdraw the entire amount in the plan was untrue.

17.     As a result of Wetterskog's actions as set forth in paragraphs eight (8) through

sixteen (16) above, and facilitated by Raymond James, Pioneer SS and/or Pioneer USA issued to

defendant Wetterskog one or more checks or electronic transfers for the entire amount of the

plaintiff's investment account with Pioneer USA totaling $184,881.00.  See Exhibit "D."

18.     Exhibit "D" is a schedule from the plaintiff's 2011 tax return reflecting the

withdrawal from Pioneer she was required to report as income as a result of Wetterskog's

actions.

19.     Wetterskog converted the funds disbursed by Pioneer USA and Pioneer SS through Raymond James to her own use.

20.     The withdrawals were not necessary to meet the plaintiff's bills and expenses nor for the care of her adopted children.

21.     The plaintiff was hospitalized for three months while these transactions took place, but suffered from the debilitating effects of her illness much longer and continues to receive care.  However, since the hospitalization and with maintenance of her medication and therapy, plaintiff has returned to employment, cares for her adopted children, conducts her personal affairs, and has the capacity to undertake this lawsuit.

22.     The plaintiff did not discover Wetterskog's withdrawals from her investment accounts until she began to prepare her 2011 taxes sometime in 2012 and the financial institutions reported the withdrawals as income.  See Exhibit "D."

23.     As a result of the withdrawals, plaintiff also incurred substantial income tax liability for 2012 and penalties for early withdrawals she would not have incurred otherwise.

## COUNT I – ERISA BREACH OF FIDUCIARY DUTY §1132(a)(2)

24.     Plaintiff repeats and realleges the allegations set forth in the prior paragraphs of her complaint as though they were set forth at length herein.

25.     Plaintiff was a participant in the Pioneer USA Uni-K Defined Contribution Plan through her employer.  A true and accurate copy of the Plan Documents provided by Pioneer USA are attached as Exhibit "E."

26.     Included in the "Definitions" of the Plan Documents are as follows:

**FIDUCIARY**.  Means a person who exercises any discretionary authority or control respecting management of the Plan, renders investment advice as defined in Section 3(21) of ERISA, or has any discretionary authority or responsibility regarding administration of the Plan.  The Employer and such other individuals either

appointed by the Employer or deemed to be fiduciaries as a result of their actions shall serve as Fiduciaries under this Plan and fulfill the fiduciary responsibilities described in Part 4, Title 1 of ERISA.

**PLAN.**  Means the prototype defined contribution plan adopted by the Employer that is intended to satisfy the requirements of Sections 401 and 501 of the Code and ERISA respectively.  The Plan consists of this Basic Plan Document plus the corresponding Adoption Agreement as completed and signed by the Adopting Employer.

**TRUSTEE.**  Means, if applicable, an individual, individuals or corporation specified in the Adoption Agreement as Trustee or any duly appointed successor as provide in Section 8.05 of the Plan.

Exhibit "E."

27.     Section 7.16 of the Plan provides as follows:

**STANDARD OF FIDUCIARY CONDUCT.**  The Employer, Plan Administrator, Trustee, and any other Fiduciary under the Plan shall discharge their duties with respect to this Plan solely in the interests of Participants and their Beneficiaries, and with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims. No Fiduciary shall cause the Plan to engage in any transaction known as a "prohibited transaction" under either the Code or ERISA.

Exhibit "E."

28.     Section 8.02 of the Plan provides, in pertinent part, that among the Trustee's

responsibilities are to receive Plan contributions and to make disbursements to Participants or

Beneficiaries.  Exhibit "E."

29.     The Trust Agreement recites that the Adopting Employer appointed Pioneer USA

to serve as Trustee in accordance with the Plan.  Exhibit "E."

30.     Upon information and belief, Pioneer USA contracted with and delegated to

Pioneer SS its administrative and recordkeeping duties as permitted under the "Powers of the

Trustee," Section 8.02(B)(10) of the Plan.

31.    Accordingly, Pioneer USA and Pioneer SS are fiduciaries within the meaning of ERISA.

32.    Upon information and belief, there also exists an agreement between Pioneer USA and defendant Raymond James for provision of services to Participants and Beneficiaries under the Plan and that Raymond James is also a fiduciary with regard to the Plan and rendered investment advice to Participants and Beneficiaries under the Plan.

33.    The alleged power of attorney used by Wetterskog was invalid on its face as a result of non-compliance with 20 Pa.C.S.A. §5601(c) and (d).

34.    Plaintiff also lacked the legal capacity to execute the power of attorney on January 7, 2011.

35.    The defendants breached their fiduciary duties to plaintiff in the following manner:

(a)    failing to recognize an invalid power of attorney;

(b)    honoring an invalid power of attorney;

(c)    failing to follow the proper procedures and obtain the proper authorizations under the Plan before disbursing funds from the plaintiff's account;

(d)    failing to adhere to the Standard of Fiduciary Conduct as set forth in Section 7.16 of the Plan;

(e)    disbursing plaintiff's entire savings based on an invalid power of attorney and without proper authorization;

(f)    failing to challenge defendant Wetterskog especially in light of the unusual request and the substantial sum involved;

(g)     failing to oversee the proper handling of administrative functions Pioneer USA delegated to Pioneer SS and Raymond James.

(h)     improperly disbursing funds from the plaintiff's account;

(i)     failing to implement proper safeguards to prevent unscrupulous persons from gaining access to the funds of Participants and Beneficiaries.

36.     As a result of the defendants' multiple breaches of their fiduciary duties as set forth herein, the plaintiff has suffered substantial financial losses the full extent of which is still not known.

WHEREFORE, plaintiff demands entry of judgment in her favor and against the defendants Raymond James, Pioneer USA and Pioneer SS for compensatory damages, costs, interest, and attorney fees in an amount in excess of $50,000.00, and for such other relief as the Court may deem just and proper.

## COUNT II – ERISA BREACH OF FIDUCIARY DUTY §1132(a)(3)

37.     Plaintiff repeats and realleges the allegations set forth in the prior paragraphs of her complaint as though they were set forth at length herein.

38.     All transactions undertaken by Wetterskog through the use of the power of attorney are void, said transactions including those identified in the foregoing paragraphs and those of which the plaintiff is not yet aware.

39.     The plaintiff did not thereafter ratify the transactions Wetterskog undertook with the power of attorney.

40.     Since the power of attorney was invalid and Wetterskog lacked any authority under it, all of the transactions must be rescinded and the plaintiff's account must be restored to its status as of January 7, 2011.

41.    Because it may not be possible to recover the funds Wetterskog withdrew from the plaintiff's investment accounts, and because Wetterskog's actions are void, recission and restoration of the account to the prior balance as of January 7, 2011, is necessary to make the plaintiff whole.

WHEREFORE, plaintiff demands entry of judgment in her favor and against the defendant Pioneer USA for an order directing that all transactions made with the use of the alleged power of attorney are null and void and directing restoration of the plaintiff's account at Pioneer USA to its status on January 7, 2011, and further directing payment of interest, attorney fees and costs, and such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a trial by jury on all issues.

       /s/ Scott I. Fegley (SIF1933)
Scott I. Fegley, Esq.
Attorney for plaintiff
Attorney I.D. No. 51179
301 Oxford Valley Road
Suite 402 A
Yardley, PA  19067
Scott@FegleyLaw.com
(215) 493-8287

DATE: September 9, 2014